UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JESSE TAYLOR,

    Plaintiff,

v.                                CAUSE NO. 3:24cv603 DRL-SJF

PRINCIPAL LIFE INSURANCE COMPNY,

    Defendant.

OPINION AND ORDER

Jesse Taylor was riding his motorcycle when it slipped and caught his leg while in operation. He lost his leg from this accident. He alleges he was covered for dismemberment under a policy issued by Principal Life Insurance Company. The company denied his claim on November 6, 2023. He sued.

The policy, which the court may consider today, *see Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), is an employee welfare benefit plan issued by Principal to a company called Nello Corporation [9-1]. The Employee Retirement Income Security Act (ERISA) thus controls. *See* 29 U.S.C. §§ 1002(1), 1132(e)(1); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987). ERISA requires benefit plans to establish administrative processes to resolve disputes about claims, 29 U.S.C. § 1133(2), and this plan had just such a review process [9-1 at 81].

Although ERISA remains silent as to whether a claimant must exhaust such administrative remedies before suing, the law in this circuit requires it unless the court excuses the failure to exhaust because pursuing such remedies would be futile or because the claimant lacks meaningful access to the review procedures. *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012). The exhaustion requirement otherwise fosters several goals important to ERISA plans. *See id.*; *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 360-61 (7th Cir. 2011).

Nowhere in the complaint does Mr. Taylor allege he exhausted his administrative remedies, and typically the court would be confined to what he has alleged for purposes of this Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 8(a)(2); *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). To excuse this failure, he argues futility and his lack of meaningful access.

First, Mr. Taylor argues that pursuing his administrative remedies would be futile because plan administrators determined that he was operating his motorcycle with a blood alcohol level that exceeded the legal limit. He posits (with reference to case law) that it would make little sense for the plan fiduciary to go through the motion of denying his eligibility for benefits when explicit language in the plan excludes them. That must not be the real punchline, else he has little hope here too. He elaborates, ever so slightly, to say the issues here are issues of both law and fact. That is fine, but he never says what these issues of law and fact are, so gives little reason to call administrative review futile.

And to the extent there truly are factual issues, administrative review permits the plan's fiduciary to revisit these, with an eye toward the consistent handling of claims and development of a full factual record for the court later. *See Edwards*, 639 F.3d at 360-61. This seems not to be a claim of a pure statutory violation for which exhaustion may make little sense. *See Craig v. FedEx Ground Package Sys.*, 722 F. Supp.2d 1033, 1045-46 (N.D. Ind. 2010). Instead, with varying issues of law and fact, the court cannot say "it is certain that [his] claim will be denied on appeal." *Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 659 (7th Cir. 1992) (cannot just "doubt an appeal will result in a different decision").

Second, Mr. Taylor says he never had the ERISA plan documents to review its provisions. This alone would not excuse a failure to exhaust. For one, he knew enough about the ERISA plan to sue for dismemberment benefits, and any request for benefits necessarily requires careful review of the plan's provisions. That is step one. For yet another, he could simply have asked for a copy of the plan. He never pleads (or even avers in his response now) that the plan's administrators refused to show it to him.

But he offers one more fact in his response that gains traction today. He says the written notice denying benefits never communicated the procedure for pursuing review. Of course, no one has given this written notice to the court, and Principal latches on to the point that the court must stay within the pleading's four corners. That isn't quite true here. Although a "complaint may not be amended by the briefs in an opposition to a motion to dismiss," *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012), the court may "consider additional facts" in a brief opposing dismissal "so long as those facts are consistent with the pleadings," *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (citation omitted); *see, e.g., Jones v. Sparta Cmty. Hosp.*, 716 F. Appx. 547, 547 (7th Cir. 2018). This fact isn't inconsistent with the complaint, and Principal never challenges it.

Though ERISA requires adequate written notice of the plan's reasons for denying benefits, its plain terms speak only of a "reasonable opportunity" for full and fair review by the plan's fiduciary. 29 U.S.C. § 1133. The regulations add to this, requiring in the written notice adverse to a claimant a "description of the plan's review procedures and the time limits applicable to such procedures[.]" 29 C.F.R. § 2560.503-1(f), (g)(1)(iv). This requirement helps to ensure that a claimant has a "fair chance to present his case." *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1236 (7th Cir. 1997) (citation omitted). If this was not done, as Mr. Taylor now contends (and consistent with his pleading), the process of review was fairly unavailable under the law.

Mr. Taylor advances several policies for undoing the law in this circuit. These arguments are above the court's pay grade. The court is duty bound to the law. *See Schorsch*, 693 F.3d at 739; *Edwards*, 639 F.3d at 360-61. And, in fairness, it seems the law, as it stands, already accounts for the concerns raised by Mr. Taylor, particularly in giving the court the discretion, when appropriate, to excuse the exhaustion requirement. Indeed, this same law gives him relief today—at least on this record.

Though the court must deny the motion to dismiss under Rule 12(b)(6), it likewise must grant the request to strike Mr. Taylor's jury demand under Rules 12(f) and 39(a)(1)(2) because "there is no right

3

to a jury trial in an ERISA case," equitable as it is. *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998). For these reasons, the court DENIES the motion to dismiss and GRANTS the motion to strike the jury demand (which the clerk will revise on the docket) [8].

SO ORDERED.

October 2, 2024                             *s/ Damon R. Leichty*
                                                                 Judge, United States District Court